(No. 2026—

SAMUEL J. HOWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1935.*

FRED B. HERBERT, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On the 17th day of August, A. D. 1932, and for some time prior thereto, claimant was in the employ of the respondent as a carpenter in erecting forms for the rock crushing plant then being built by the State of Illinois at the Southern Illinois Penitentiary at Menard, and was being paid the sum of $168.00 per month, with one-fourth maintenance which is equivalent to $6.00 per month. Prior to the time of his employment by the State he had been engaged in work as a carpenter and contractor for a number of years.

On the date above mentioned, while in the performance of his duties in connection with the erection of said rock crushing plant, claimant sustained a fracture of the left arm, between the wrist and the elbow, as the result of being struck

by falling timber. He was taken to the prison hospital but apparently the only person there who could give him medical attention was a medical student by the name of Weatherby who was working in the prison hospital. Claimant refused to permit Weatherby to set his arm and was then taken to St. Andrews' Hospital at Murphysboro where he was attended by Dr. Hrabik. X-ray and fluoroscope examination disclosed a fracture of both bones of the forearm. An attempt was made to reduce the fracture and a wooden splint was applied. Upon X-ray examination after the reduction it was found that the splint was not holding the bones in proper position, so the patient was put to bed and a Thomas splint applied to the arm for a period of six days. At the end of that time the fracture was reduced and the arm placed in a cast and kept in such cast for a period of about six weeks. Thereafter it was carried in a splint for four weeks longer, with instructions to remove the same daily and massage the forearm. After that there was some treatment by way of massage as well as heat and electrical treatment. It appears that there is a nerve involvement with resulting disability.

Claimant submitted to examination by Dr. Ralph May and Dr. A. F. Barnett, the prison physicians at Illinois State Prison at Menard. From the report of the examination made by such doctors, as well as the report made by Dr. Hrabik, the physician who treated the claimant at the time of the accident, it appears that he has sustained a permanent and complete loss of seventy-five per cent of the use of his left arm.

Claimant paid the hospital bill of St. Andrew's Hospital in the amount of $68.50. The bill of Dr. Hrabik in the amount of $79.50 remains unpaid.

Notice of the accident was given and claim for compensation made, in accordance with the requirements of Section 24 of the Act.

Claimant was paid his regular salary during the time that he was off work on account of the injury, and makes no claim for temporary total disability.

At the time of the accident he was a married man and had two children under sixteen years of age, and therefore under the provisions of Section 8-d-4 claimant is entitled to recover compensation for a period of 168¾ weeks for the permanent and complete loss of seventy-five per cent of the

use of his left arm, payable in weekly installments of $16.00 per week commencing on the 18th day of August, A. D. 1932.

Payment of compensation in weekly installments, however, is not practicable under existing laws.

It is therefore to the best interests of all parties concerned that the unearned compensation be commuted to an equivalent lump sum in accordance with the provisions of Section 9 of the Workmen's Compensation Act.

The total amount of the compensation to be paid after commutation of the unearned portion thereof to an equivalent lump sum as aforesaid, is $2,698.91. Claimant is entitled to an award for that amount and in addition thereto the sum of $148.00 for hospital bills paid and medical bills incurred by him as aforesaid, making a total of $2,846.91.

Award is therefore hereby entered in favor of the claimant for the sum of Twenty-eight Hundred Forty-six Dollars and Ninety-one Cents ($2,846.91).